## WABASH R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   June 23, 1909.)

### No. 1,463.

1. RAILROADS (§ 229*)—SAFETY APPLIANCE ACT—COUPLERS ON ENGINES.
   A locomotive engine used in interstate commerce need not necessarily have automatic couplers at both ends to comply with Safety Appliance Act March 2, 1893, c. 196, § 2, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174), where one end only is coupled and intended to be coupled to other cars.
   [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 229.*
   Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

2. RAILROADS (§ 229*)—SAFETY APPLIANCE ACT—CONSTRUCTION—DILIGENCE TO COMPLY WITH ACT.
   The requirement of Safety Appliance Act March 2, 1893, c. 196, § 2, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174), that all cars used in moving interstate traffic shall be equipped with automatic couplers coupling by impact, and which can be uncoupled without the necessity of men going between the ends of the cars, is absolute; and it is no defense to an action against a railroad company for its violation by using cars on which the couplers were so out of repair as to necessitate men going between the cars to operate the same that the company used due diligence to keep the couplers in good repair.
   [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 229.*]

In Error to the District Court of the United States for the Eastern District of Illinois.

The writ of error is to reverse a judgment entered in favor of the United States for one hundred dollars upon each of four counts of a declaration charging violations of section 2 of the Safety Appliance Act of March 2, 1893 (27 Stat. 531, c. 196 [U. S. Comp. St. 1901, p. 3174]). The specific act of violation charged in the first count is that the coupling and uncoupling apparatus on the "B" end of a certain locomotive engine, and in the second, third and fourth counts respectively, that the coupling and uncoupling apparatus on the "B" end of each of three certain freight cars, all used by plaintiff in error on its line of railroad in the movement of interstate traffic, were out of repair and inoperative to an extent that necessitated men engaged in the coupling and uncoupling of these cars, going between the respective ends of the locomotive and cars in question and those to which they were attached in performance of their duty.   The further facts are stated in the opinion.

Edward C. Kramer, for plaintiff in error.
W. E. Trautman and George A. Crow, for the United States.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above).   Two questions are raised by the assignments of error that we deem it necessary to dispose of; first, and relating to the conviction on the first count only, was the plaintiff in error entitled to show that the coupling on the B end of the engine was not intended to be used, and, secondly, whether in complying with the provisions of the Safety Appliance Act, proof of a high degree of care and diligence to keep its coupling apparatus in good repair, as required by the Act, would relieve it from liability under the Act as against mere proof by the Government that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the couplers were not in fact in good working order at a given time during the course of an interstate journey.

(1) The first question is raised by the following instruction, offered and refused:

"That if the jury believe from the evidence that the engine No. 516 had originally been equipped with automatic couplers at both the A end and the B end, but that at the time alleged in the first count of the plaintiff's declaration, the lock chain had been disconnected, and the knuckle removed from the coupler at the B end and that thereby the said coupler at the B end of said engine was placed in such a condition that no other car could be coupled to the engine at such B end or uncoupled therefrom either by going between the cars or not, and that the coupler at the A end of such engine was in good condition and that the said coupler at the A end of said engine was the only one used by defendant at the time in question in moving interstate traffic, then the defendant is not liable for the condition of the said coupler at the B end of said engine and you should find the defendant not guilty as to the first count of plaintiff's declaration,"

—and by evidence, excluded by the Court, tending to prove that the coupling on the B end of the engine was not intended to be used—that such coupler had been disconnected and the knuckle taken out, in pursuance of a purpose that it should not be used.

The argument of the Government may be reduced to this syllogism: The Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154] amended by Act June 29, 1906, c. 3591, 34 Stat. 584 [U. S. Comp. St. Supp. 1907, p. 892]) requires that every "car" used in moving interstate traffic shall be equipped with "couplers" coupling automatically with impact; the Supreme Court has held in Johnson v. Southern Pacific Company, 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363, that a locomotive engine is a car within the meaning of the statute; therefore, locomotive engines must be equipped with "couplers," and inasmuch as "couplers" means more than one coupler, and if more than a coupler on the tender is used the other must be used on the B end of the engine, therefore, an engine unequipped with a coupler at its B end, in accordance with the requirements of the Act, is a violation of the Act.

The difficulty with this reasoning is, first, in the assumption that under the doctrine of the Johnson Case a locomotive and a car are synonymous terms in every respect and for every purpose—a rigidity of construction that the Supreme Court never intended; and the second difficulty is in the assumption that, because couplers, in the statute, is in the plural, there can be no car without a coupler at each end, irrespective of the use to which such car is put. As was said by the Supreme Court in the Johnson Case, the primary object of the act was to promote the public welfare by securing the safety of employees and travelers. Its design to give relief was more dominant than to inflict punishment—a view of the statute that is wholly irreconcilable with a construction that would require the designated couplers to be placed where they were never used or intended to be used.

(2) The second question is raised by the following instruction to the jury, to which exception was duly entered:

"The testimony of the defendant's witnesses was admitted here as to the inspection of those cars, for the purpose of tending to show as far as in your

judgment it does tend to show, that the defendant's cars were in good order. The mere fact that the defendant had used diligence or care to keep those cars in a reasonably safe condition is not a question before you. That is no defense to this suit. This Statute is commanding, and requires the defendant at its peril to keep these couplers in such condition so that the men whose business it is to couple them will not be required to go between the cars to do it; and if you believe from all the evidence in this case that they were so out of order that they could not be coupled without men going between the cars to do the coupling, then the defendant would be guilty under this declaration, and you will so find,"

—supported by evidence tending to show that the plaintiff in error had used diligence and care to keep the cars in a reasonably safe condition.

Since this case was brought here and the briefs filed, this question has been disposed of against the contentions of the plaintiff in error in the case of St. Louis, Iron Mountain & Southern Ry. v. Taylor, Administratrix, 210 U. S. 281; 28 Sup. Ct. 616, 52 L. Ed. 1061.

The judgment entered upon the first count of the declaration is hereby reversed. The judgment entered upon the remaining counts is affirmed, and the case is remanded to the District Court with instructions to modify accordingly.