## FREDERICKS v. ERIE R. CO.

Circuit Court of Appeals, Second Circuit. December 9, 1929.

No. 52.

718

Stanchfield, Collin, Lovell & Sayles and Halsey Sayles, all of Elmira, N. Y., for appellant.

Mortimer L. Sullivan, of Elmira, N. Y., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). ▇ In view of the evidence, we must assume that the location of the drain cock was safe and proper. Baltimore & Ohio Railroad Company v. Groeger, 266 U. S. 521, 45 S. Ct. 169, 69 L. Ed. 419.

▇ Being placed there to be closed by hand, however, it was the duty of the defendant to see that it was fitted to the engine and maintained in such a way that the application of manual force by an employee, whose duty it was to close it, would not pull it loose in the attempt to do his work. It was to be expected that the valve in a drain cock from which water dripped in cold weather might freeze and stick, and it was also to be expected that an employee, trying to close it under such conditions, would pull as hard as he thought necessary within the limit of his strength. After trying to close it with one hand, it was perfectly natural for the plaintiff to use both, when, as here, the valve and fitting was so constructed that he could use both hands. It is idle for the defendant, after employing the plaintiff for this work, to try to excuse itself for the condition of the fitting by saying that its servant was too strong and heavy for the job it set him to do.

▇ Common knowledge is sufficient to establish the fact that a pet cock, for the use to which this one was put, can easily be made, fitted, and maintained in such a way that, if the valve in it cannot be closed by hand, neither the drain cock nor fitting will be broken loose by an attempt at manual closing. To have such a drain cock fitted to the engine in a way that the use of both hands was invited,

required it to be put there, so that it would withstand a two-hand pull in order to comply with the Boiler Inspection Act as amended (45 USCA § 22 et seq.), to require the appurtenances of the locomotive to be in proper condition and safe to operate. St. Louis, Iron Mountain & S. R. Co. v. Taylor, 210 U. S. 294, 28 S. Ct. 616, 52 L. Ed. 1061. And for injuries due to defendant's failure to comply with this law the plaintiff may recover, without showing the defendant to have been negligent. Texas & Pacific Railroad Company v. Rigsby, 241 U. S. 33, 36 S. Ct. 482, 60 L. Ed. 874; Wabash R. Co. v. United States (C. C. A.) 172 F. 864; San Antonio & A. P. Railway Company v. Wagner, 241 U. S. 476–484, 36 S. Ct. 626, 60 L. Ed. 1110.

But the evidence was conflicting about the condition of the drain cock and fitting, and with the defendant's evidence strongly indicating that nothing was loose after the accident we cannot take it for granted that the jury found the appliance defective because of insecure fastening.

▇ The plaintiff also claimed that the engine was defective because of the unsafe location of the drain cock, and the defendant requested the court to charge "that the jury cannot find the engine defective on account of the location of the frost cock." Instead of complying with this request, the court left the question of safe location to the jury, with some general remarks to the effect that it should not consider purely mechanical arrangement, but should determine whether the appliance was safe to operate, and proper and safe for the service in which it was to be used. When, as in this case, the evidence was overwhelming that the drain cock was located in the only place that it could be put and work properly, and that such location was of necessity uniformly used on lifting injectors by railroads in the territory where the plaintiff was hurt, it was error to permit the jury to call into play its own ideas as to a safe and proper location, and allow it to find the engine defective because the drain cock was not placed, perhaps, where the jury thought it should have been put. N. Y. C. & H. R. R. Co. v. Banker (C. C. A.) 224 F. 351–355; Baltimore & Ohio Railroad v. Groeger, supra. The defendant was also entitled to have its request to charge complied with, to the effect that, if the engine was not otherwise defective, the plaintiff assumed the risk of the location of the drain cock, as well as that, in the absence of any defect in the engine, the plaintiff assumed the risk of injury due to the ice on the running board, which he knew was there when he went out and stood upon it.

Tuttle v. Detroit, G. H. & M. Ry. Co., 122 U. S. 194, 7 S. Ct. 1166, 30 L. Ed. 1114.

Judgment reversed.